JOHN BALAZS
Attorney At Law
916 Second Street, Suite F
Sacramento, California 95814
Telephone: (916) 447-9299
John@Balazslaw.com

Attorney for Defendant
BRYAN JAMES EPIS

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-S 97-381-FCD |
| Plaintiff, | **DEFENDANT BRYAN JAMES EPIS'S MOTION FOR BAIL PENDING RESOLUTION OF HIS MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255; MEMORANDUM IN SUPPORT OF MOTION** |
| v. | |
| BRYAN JAMES EPIS, | |
| Defendant. | |
| _____ | Date:  July 18, 2011<br>Time:  2:00 p.m.<br>Hon. Gregory G. Hollows |

To:   BENJAMIN J. WAGNER, U.S. Attorney, and SAMUEL WONG, Assistant U.S. Attorney:

PLEASE TAKE NOTICE that on, July 18, 2011, at 2 p.m., or as soon thereafter as counsel may be heard, defendant Bryan James Epis, through counsel John Balazs, hereby does and will move the Court for release on a $500,000 property bond or other reasonable bail pending resolution of his motion to vacate sentence pursuant to 28 U.S.C. § 2255.  Based on the authorities cited herein, Epis so moves on the ground that his release on a $500,000 property bond is warranted because his case involves "special circumstances" justifying release and a high probability of success on the merits.

This motion is based on the instant motion, the § 2255 motion to vacate sentence filed January 17, 2011, the exhibits attached to the § 2255 motion, the file and records in this case, and on any other evidence or argument presented before or at the hearing on this motion.

Dated: June 16, 2011

                                              Respectfully submitted,

                                              /s/ John Balazs
                                              John Balazs

                                              Attorney for Defendant
                                              Bryan James Epis

JOHN BALAZS
Attorney At Law
916 Second Street, Suite F
Sacramento, California 95814
Telephone: (916) 447-9299
John@Balazslaw.com

Attorney for Defendant
BRYAN JAMES EPIS

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRYAN JAMES EPIS,<br><br>Defendant.<br>_____ | No. CR-S 97-381-FCD<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR BAIL PENDING RESOLUTION OF MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

I. INTRODUCTION

In 2004, the Ninth Circuit granted Epis bail pending appeal based on the "exceptional reasons" exception to the mandatory detention provision in 18 U.S.C. § 3145(c). *United States v. Epis*, 373 F.3d 1383 (9th Cir. 2004). At a later hearing in which the district court continued Epis's release pending further appeal, the district court found that it was "reasonable" to conclude that in granting Epis bail, the Ninth Circuit found "exceptional circumstances relating to the issue of Exhibit A, Exhibit 27." *See* 2255 Motion, App. 5, Part 1, RT 9/14/07, at 70); *see also* Epis 2255 motion, at 9-18. Substantially the same "exceptional circumstances" test governs motions for release in post-conviction challenges. *United States v. Mett*, 41 F.3d 1281,1282 (9th Cir. 1994). Epis's § 2255 motion, its supporting documents, and the totality of the circumstances in this case provide exceptional

circumstances and demonstrate a high probability of success warranting Epis's release on bail pending resolution of his § 2255 motion. For all the "exceptional circumstances" set forth herein and for the reasons found by the district court in continuing Epis release after his re-sentencing, the Court should grant Epis's motion for release on a $500,000 property bond.

## II. <u>ARGUMENT</u>

**THE COURT SHOULD GRANT EPIS BAIL PENDING RESOLUTION OF HIS § 2255 MOTION BECAUSE HIS MEDICAL MARIJUANA CASE PRESENTS "EXCEPTIONAL CIRCUMSTANCES" AND HAS A "HIGH PROBABILITY OF SUCCESS."**

### A.   STANDARD FOR RELEASE IN SECTION 2255 PROCEEDINGS

A motion for release in a post-conviction challenge under 28 U.S.C. § 2255 is governed by Federal Rule of Appellate Procedure 23, which applies to requests for release of state or federal inmates who are collaterally attacking their convictions. *United States v. Mett*, 41 F.3d 1281,1282 (9th Cir. 1994). In these circumstances, bail is reserved for "extraordinary cases involving special circumstances or a high probability of success." *Id.* (*quoting Land v. Deeds*, 878 F.2d 318, 318 (9th Cir. 1989)). This is essentially the same test as the "exceptional reasons" test for bail pending appeal in mandatory detention cases under 18 U.S.C. § 3145(c), the "exceptional circumstances" test in bail pending appeal from the revocation of probation, and the "special circumstances" test for bail after the denial of a writ of habeas corpus in extradition proceedings. As a result, courts often rely interchangeably on case law interpreting the meaning of these terms. *See, e.g. In re Extradition of Nacif-Borge*, 829 F. Supp. 1210, 1214-15 (D. Nev. 1993); *United States v. Ramnath*, 533 F. Supp.2d 662, 667 & n.6 (E.D. Tex. 2008). District courts have "broad discretion" to "examine the totality of the circumstances" in determining whether there are "any truly unusual factors or combination of factors" that would make it "unreasonable to incarcerate the defendant" further pending resolution of the action. *United States v. Garcia*, 340 F.3d 1013, 1018-19 (9th Cir. 2003) (while the district court is not limited on the range of matters it may consider, the Court sets guidance for lower courts in determining whether exceptional circumstances justify release under § 3145(c)). Examples of "exceptional" or "special" circumstances

warranting release include raising substantial claims that have a high probability of success, a serious detioration of health during incarceration, and an unusual delay in the appeal process. *See Salerno* v. *United States*, 878 F.2d 317, 317 (9th Cir. 1989) (listing "special circumstances" justifying bail pending appeal from the denial of a writ of habeas corpus in extradition proceeding); *United States v. Bell*, 820 F.2d 980, 981 (9th Cir. 1987) (bail pending appeal after the district court's revocation of probation).

## B.  EPIS IS EXCEPTIONALLY UNLIKELY TO FLEE OR BE A DANGER TO THE COMMUNITY.

In making its bail determination, the Court may consider whether "the defendant is *exceptionally* unlikely to flee or be a danger to the community" as a factor weighing toward release. *Garcia*, 340 F.3d at 1021; *see also Healy v. Spencer*, 406 F.Supp. 2d 129, 130 (D. Maine 2008). In this case, Epis posted a $500,000 bond and was out on bail before trial and on appeal for more than 10 years. He made over 40 court appearances. Even after the Supreme Court denied his petition for writ of certiorari on direct appeal and he was ordered back to court for a remand hearing, Epis voluntarily showed up in court where he was remanded into custody. His $500,000 bond has never been exonerated and is available to support his release. Epis performed exceptionally well while being supervised by U.S. Pretrial Services Officer Sandy Hall. During his 10 years on pretrial release, Epis was never charged with any criminal offense or violation of any of his release conditions. Courts have found a defendant's successful pretrial release to be a significant factor justifying release pending appeal or in a post conviction challenge under the exceptional circumstances test. *See, e.g., Wroclawski v. United States*, 634 F.Supp. 2d 1003, 1007 (D. Ariz. 2009); *United States v. Mitchell*, 358 F. Supp.2d 707,709 (E.D. WI 2005); *Smith v. Jones*, 2009 U.S. Dist. Lexis 82683 (E.D. Mich. 2009); *United States v. Rentas*, 2009 U.S. Dist. Lexis 99330 (S.D. N.Y. 2009). Here, Epis's more than 10 years of release without incident constitutes a truly exceptional circumstance that weighs heavily in favor of Epis's release pending resolution of his § 2255 motion.

### C. EPIS'S § 2255 MOTION IS A HIGHLY UNUSUAL CASE PRESENTING NUMEROUS OTHER EXCEPTIONAL CIRCUMSTANCES AND A HIGH PROBABILITY OF SUCCESS ON THE MERITS THAT WARRANTS BAIL.

Under *Mett*, bail is appropriate in extraordinary cases involving either "special circumstances" *or* "a high probability of success." This case involves both. Epis's case presents a number of other truly unusual, exceptional circumstances *and* a high probability of success on the merits that are very rarely, if ever, seen in post-conviction challenges.

#### (1) The Government's Prosecution Of Epis Was The First Federal Medical Marijuana Prosecution After The Passage of Proposition 215 In California.

First, Epis's case was the first federal medical marijuana prosecution after California passed Proposition 215, which legalized medical marijuana under California law. At the time of his prosecution, the law was unsettled on a number of legal issues related to the interplay between federal and California law with respect to medical marijuana. Epis's case was thus a "test case" that involved a number of then-novel motions and challenges to the federal prosecution of marijuana cultivation for medical purposes. Although the Supreme Court ultimately reversed the Ninth Circuit in holding that the federal Controlled Substance Act was a valid exercise of Congress' Commerce Clause power, *Gonzalez v. Raich*, 545 U.S. 1 (2005), Epis's conduct was lawful under state law. His case thus constitutes an unprecedented situation "in which state law or policy affirmatively authorized or directed the acts for which the defendant[] was convicted under federal law." *Garcia*, 340 F.3d at 1021, n.7; *see also id.* at 1019 ("If the act . . . or the circumstances surrounding the act were highly unusual. . . [e.g.] a mercy killing -- exceptional reasons might be more likely to exist."). The fact that this is a medical marijuana case takes this case out of typical marijuana cultivation cases and makes his conduct significantly less culpable than other offenders. *Garcia*, 340 F.3d at 1019 (where the defendant "is sufficiently dissimilar from others in the category" it may "warrant a finding of 'exceptional reasons'").

#### (2) The Proceedings Were Unusually Lengthy And Complex And There Was Extremely Long Delays In Appellate Proceedings.

The length and complexity of the proceedings have been found to be special circumstance in a bail determination. *In Re Extradition of Nacif Borge*, 829 F.Supp. at 1219.

Similarly, courts have also found special circumstances "where there has been or will be a significant delay in the appeals process." *In Re Extradition of Gonzales*, 52 F.Supp. 2d 725,735 (W.D. La. 1999); *In re Extradition of Kirby*, 106 F.3d 855, 863 (9th Cir. 1996); *In Re Santos*, 473 F. Supp.2d 1030,1038 (C.D. Cal. 2006) (The case "already has been delayed by circumstances . . . wholly absent in a run-of-the-mill [marijuana cultivation] case"). Indeed, in asking for an additional three months to prepare an answer to Epis's § 2255 petition, the government agreed the case files are "extremely voluminous," that the litigation "spans approximately fourteen years," and that the issues are "complex." *Stipulation*, Document 422, filed April 21, 2011, at 1. If Epis hadn't been released for "exceptional reasons" by the Ninth Circuit during pendency of his appeal, he would have served his entire sentence before his direct appeal was exhausted.

      Epis's case took over five years to go to trial, three more months before sentencing, and more than seven additional years in direct appeals. After he was arrested June 25, 1997, the case stalled for nine months for the government to copy data from his computer. Three months later, Assistant U.S. Attorney Nancy Simpson quit. Then after four more months, the next federal prosecutor, Assistant U.S. Attorney Johnny Griffin, also quit. It took 20 months for the first phase of the 1994 case *Franks* hearing, which was held on June 21, 2000, because the prosecutor couldn't "locate" agents Mancini and Dickie. The district court warned him that dismissal was an option for further delays. Then there was seven more months of delay before a superseding indictment was filed in February 2001. The second phase of the 1994 *Franks* hearing was delayed another six months until August 2001, to locate agent Dickie. The evidentiary hearings were not completed for 33 months. Epis was tried before a jury beginning in June 2002 and was sentenced in October 2002.

      On appeal, proceedings were not concluded until the Supreme Court denied certiorari on January 19, 2010, more than seven years after Epis was originally sentenced. This included two appeals, a mid-appeal remand for an evidentiary hearing to determine the contents of trial Exhibit A, and a second remand for resentencing and to await the Supreme Court's resolution of *Gonzales v. Raich*, 545 U.S. 1 (2005). In granting Epis's request to

continue the Ninth Circuit's release order when Epis was sentenced the second time, the district court noted: "[W]e've been at this for ten years . . . That to me . . . certainly borders on exceptional. . . . So there's the length of the proceedings." 2255 Motion, App. 5, Part 1, RT 9/14/07, at 70-71.

Although Epis stipulated to the government's request for a 12-week extension, giving the government almost six months to respond to his § 2255 motion filed on January 17, 2011, he intends to oppose any further lengthy request for extension unless granted bail. The complexity of the issues has caused and will cause longer than a "normal passage of time inherent in the litigation process." *United States v. Hin-Hong*, 83 F.3d 523, 524 (1st Cir. 1996). This case has already been delayed by circumstances wholly absent in the run-of-the-mill case. The § 2255 motion seeks an evidentiary hearing on a number of claims and the losing party will in all likelihood appeal an unfavorable decision. As a result, it is reasonable to expect that it will be quite some time before a final ruling is reached on Epis's § 2255 motion.

### (3) Epis Will Likely Have Served All Or Almost All Of His Sentence Before There Is A Final Ruling On His § 2255 Motion.

Another significant factor weighing towards an exceptional circumstances finding here is that Epis "could be forced to serve most or all of his sentence" before final resolution of his 2255 motion. *Garcia*, 340 F.3d at 1019; *United States v. Cameron*, 2010 U.S. Dist. Lexis 124777 (D. Maine 2010) ("all or a substantial portion"). Epis will have served more than four years of his sentence with good time by the time this bail motion is heard: a substantial portion of his sentence. It took more than 12 and 1/2 years from arrest to exhaustion of appeals. By the time a final ruling is made on Epis's § 2255 motion and the subsequent appeal is completed, Epis will very likely have served all or almost all of his total sentence.

"[G]iven the procedural history of [the] case. . . it is reasonable to assume that [the defendant] will appeal any decision [unfavorable, and]. . . that review could be complex and time-consuming (and potentially could require a remand)." *Garcia,* 340 F.3d at 1037; *see also In Re Chapman*, 459 F.Supp. 2d 1024, 1027 (D. Haw. 2006) ("underlying offense

occurred more than three years ago, [so] it may be difficult to track down witnesses and prepare for the [evidentiary] hearing").

### (4) Epis's § 2255 Motion Has A High Probability Of Success.

On January 17, 2011, Epis filed a 51-page Memorandum in support of his § 2255 motion, raising four general grounds for relief: (1) the government violated Epis's Fifth and Sixth Amendment rights to due process and a fair trial by presenting false and misleading testimony and argument regarding Exhibits 27 and 38 that improperly resulted in the jury finding that the conspiracy charged against Epis involved at least 1,000 marijuana plants so as to trigger a 10-year sentence; (2) the government's bad faith destruction of exculpatory evidence violated Epis's Fifth Amendment right to due process; (3) Epis's counsel rendered ineffective assistance in violation of the Sixth Amendment; and (4) cumulative error. Epis incorporates by reference his § 2255 motion and the extensive supporting documentation. Rather than repeating the arguments here, it suffices to say that these claims have not previously been decided and each individually, as well as cumulatively, has a high probability of success on the merits. If successful, the claims would result in either a complete dismissal, a new trial, or a substantially-reduced sentence requiring Epis's release from custody. At a minimum, there is a very high probability of success on the challenges to Epis's conviction on count 1, lowering the mandatory minimum sentence from ten to five years. This high probability of success is an exceptional circumstance warranting release on bail pending resolution of the underlying § 2255 motion. *See Salerno* v. *United States*, 878 F.2d 317, 317 (9th Cir. 1989) (listing "high probability of success" as a "special circumstance" justifying a writ of habeas corpus in extradition proceeding); *United States v. Bell*, 820 F.2d 980, 981 (9th Cir. 1987) (referring to "high probability of success" as an example of an "exceptional circumstance" warranting bail pending appeal after the district court's revocation of probation).

## IV. CONCLUSION

For all these reasons, the Court should grant Epis's motion for release on the existing $500,000 property bond or other reasonable bail pending resolution of his motion under 28 U.S.C. § 2255.

Dated: June 16, 2011

Respectfully submitted,

 /s/ John Balazs
John Balazs

Attorney for Defendant
BRYAN JAMES EPIS