JOHN BALAZS
Attorney At Law
916 2nd Street, 2nd Floor
Sacramento, California 95814
Telephone: (916) 447-9299
John@Balazslaw.com

Attorney for Defendant
BRYAN JAMES EPIS

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR-S 97-381-GEB-GGH |
| Plaintiff, ) | |
| v. ) | **SETTLEMENT AGREEMENT AND ORDER RE: 28 U.S.C. § 2255 MOTION** |
| BRYAN JAMES EPIS, ) | |
| Defendant. ) | Hon. Garland E. Burrell, Jr. |
| _____ ) | |

Defendant Bryan James Epis and his counsel John Balazs, Esq., on the one hand, and plaintiff United States of America, through its counsel, Assistant United States Attorney Samuel Wong, on the other hand, hereby stipulate to the entry of the following Settlement Agreement reached after negotiations and request that the Court accept and adopt this entire Settlement Agreement and, with respect to the Second Superseding Indictment, vacate Epis' conviction on Count One and re-sentence him on Count Three to 90 months imprisonment, ten years supervised release, a $15,000 fine, and a $100 special penalty assessment under 28 U.S.C. § 2255 for the following reasons:

1. On June 26, 2002, a jury found defendant Bryan James Epis guilty on Count One of the Second Superseding Indictment of conspiracy to manufacture 1,000 or more marijuana plants within 1,000 feet of a school and on Count Three of the same indictment of

manufacturing 100 or more marijuana plants within 1,000 feet of a school.  Count One carried a mandatory minimum penalty of 10 years imprisonment while Count Three carried a mandatory minimum of 5 years imprisonment.

    2.      On October 7, 2002, the district court sentenced Epis to 120 months imprisonment on each count to run concurrent with each other.

    3.      On appeal, the Ninth Circuit Court of Appeals remanded Epis' case to the district court to await the outcome of *Gonzales v. Raich*, 545 U.S. 1 (2005), and for re-sentencing.  After evidentiary hearings, the district court determined that Epis was not qualified for the safety valve, and re-sentenced Epis to the 120-month mandatory minimum incarceration term on Count One and 87 months incarceration term on Count Three, to run concurrently.  The Court also imposed concurrent ten years terms of supervised release on each count, a $15,000 fine, and $200 in special assessments.  In doing so, the district court found that Epis' applicable guideline range was 87-108 months.

    4.      After a further appeal, the Ninth Circuit Court of Appeals affirmed Epis' conviction and sentence in an unpublished decision filed April 8, 2009.  The court of appeals denied Epis' petition for rehearing and rehearing en banc on August 11, 2009.  The Supreme Court denied his petition for writ of certiorari on January 19, 2010.  Epis, who had been released pending appeal, was remanded into custody by the district court on February 22, 2010.

    5.      On January 17, 2011, Epis timely filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  The motion was supported by a 51-page memorandum, declarations, and other supporting documents.  The § 2255 motion contains ineffective assistance of counsel (IAC) claims and other non-IAC claims for relief.  Thereafter, the matter was referred to a magistrate judge.  The Court set a schedule for discovery on Epis' ineffective assistance claims and ordered briefing on Epis' non-IAC claims.  The discovery cut-off was April 6, 2012.  The Court also scheduled an evidentiary hearing for May 15, 2012.

    6.      On August 15, 2011, the United States filed an opposition to Epis' non-IAC

claims. On April 5, 2012, Epis filed a reply to the United States' opposition to his non-IAC claims.

      7.     With respect to Epis' IAC claims, the United States issued subpoenas to produce documents to Epis' trial attorney Tony Serra and attorney, Zenia Gilg. Ms. Gilg worked with Mr. Serra on Epis' case, primarily with respect to research, preparation, and litigation of pretrial motions. The parties also conducted depositions of Mr. Serra and Ms. Gilg on January 5, 2012, and March 29, 2012.

      8.     Epis' § 2255 motion raises a number of IAC claims for relief, including a claim that his attorneys rendered ineffective assistance in advising him with respect to a plea offer the United States made before trial. Epis' motion and declaration allege that, if his attorneys had competently advised him regarding the offer, he would have accepted the offer and pled guilty instead of going to trial.

      9.     During the depositions of attorneys Serra and Gilg, neither attorney refuted the factual allegations supporting Epis' IAC claim regarding the plea offer as neither attorney had sufficient recollection of the legal advice given to Epis on the United States' plea offer before trial. The parties agree that in light of the discovery and record in this case, it may or may not be possible for the United States to sufficiently refute Epis' claim that his trial attorneys rendered ineffective assistance with respect to advising Epis about the United States' pretrial plea offer to resolve the case, especially in light of the district court's previous factual findings regarding Epis' lack of credibility. In *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), the Supreme Court recently held that an attorney's ineffective assistance that results in the rejection of a plea offer may provide the basis for habeas relief where there is a "reasonable probability" that the outcome of the plea process would have been different with competent advice.

      10.    In light of the litigation risks posed by *Lafler v. Cooper*, and in lieu of further litigation and to effect full and final settlement of all of Epis' legal claims, known and unknown, including without limitation the claims in his § 2255 motion, the parties agree and request that the Court accept and adopt this Settlement Agreement, and pursuant to the

Court's authority under 28 U.S.C. § 2255, vacate Epis' conviction on Count One and re-sentence Epis on Count Three to 90 months imprisonment, a $15,000 fine, ten years supervised release, and a $100 special assessment. This sentence falls within the 87-108 month guideline range found by the district court when Epis was re-sentenced on September 14, 2007. The parties agree that this sentence is also sufficient, but not greater than necessary, to satisfy all the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

11. As part of this Settlement Agreement, Epis agrees, through his attorney, to deliver a cashier's check or money order for $15,100 as full payment of the fine and special assessment to the Clerk of the United States District Court at the same time this Settlement Agreement is filed with the Court. Epis agrees not to move for early termination of his supervised release term. Epis agrees not to manufacture, distribute, possess, use, advocate or in any way be involved with marijuana, regardless whether federal or state law prohibits such conduct, during his incarceration and/or the completion of his ten-year supervised release term.

12. Epis agrees that he was properly convicted on both Counts One and Three of the Second Superseding Indictment based on sufficient competent and admissible evidence as found by the jury beyond a reasonable doubt. Epis also agrees that there was no misconduct or wrongdoing by the United States, its attorneys, its agents, or anyone acting on its behalf in this case.

13. Epis understands that the law ordinarily gives him a right to appeal his convictions and sentences, and to attack collaterally his convictions and sentences whether by way of a motion pursuant to 28 U.S.C. §§ 2255 and 2241, or otherwise. However, as part of this Settlement Agreement, Epis agrees to give up these rights and any right to engage in any further litigation in this case. Notwithstanding anything to the contrary in this Settlement Agreement, Epis agrees to waive all rights to appeal his conviction and sentence on Count Three of the Second Superseding Indictment, and to attack collaterally his conviction and sentence, whether by way of a motion pursuant to 28 U.S.C. §§ 2255 and 2241, any writ, including without limitation, writ of habeas corpus and/or writ of coram

nobis, or otherwise to engage in any further litigation in this case so long as the Court sentences Epis to 90 months imprisonment, a $15,000 fine, ten years supervised release, and a $100 special assessment.

      14.    Notwithstanding anything to the contrary in this Settlement Agreement, Epis understands and agrees that, in the event:

      (1)    Epis' new sentence on Count Three and/or his conviction on Count Three are vacated or otherwise modified in any manner inconsistent with this Settlement Agreement;

      (2)    Epis moves to vacate or modify his conviction and/or sentence on Count Three in any manner inconsistent with this Settlement Agreement; or

      (3)    Epis breaches this Settlement Agreement in any way,

upon request of the United States, the Court shall re-instate Epis' conviction on Count One of the Second Superseding Indictment and re-impose the sentence of ten years imprisonment on Count One, ten years supervised release, a $15,000 fine, and a $100 in special penalty assessment based on this conviction on Count One. Epis understands and agrees that the district court shall retain jurisdiction to provide this remedy and relief to the United States in the event that any of the events described in this Paragraph 14.(1)-(3) occur. Epis understands and agrees that he waives any defense, including, without limitation, any defense based on the Double Jeopardy Clause, Speedy Trial Act, Speedy Trial Clause of the Constitution, and/or 18 U.S.C. § 3282, to allow the Court to re-instate Epis' conviction on Count One of the Second Superseding Indictment and re-impose the sentence of ten years imprisonment on Count One, ten years supervised release, a $15,000 fine, and a $100 in special penalty assessment in the event that any of the events described in this Paragraph 14.(1)-(3) occur.

      15.    Epis hereby forever releases and agrees to hold harmless the United States, the State of California, Butte County, and their respective bureaus, departments, agencies, officers, attorneys, employees, and agents, and all other public entities, their attorneys, officers, employees, and agents from any and all liability arising out of or in any way

connected with: (1) the investigation and/or prosecution of Epis; and (2) the seizure, search, forfeiture, destruction, and/or disposal of any property belonging to Epis. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said investigation and/or prosecution, and/or seizure, search, forfeiture, destruction, and/or disposal of Epis's property, as well as to those now known or disclosed. Epis waives the provisions of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

**DEFENSE COUNSEL**

I am defendant Bryan James Epis' attorney. I represent that my client has received and read a copy of the Settlement Agreement And Order Re: 28 U.S.C. § 2255 Motion. I have fully explained this Settlement Agreement and his rights and obligations under the agreement to him. To my knowledge, his decision to enter into this Settlement Agreement is an informed and voluntary one. The Settlement Agreement accurately and completely sets forth the entirety of the agreement. Based on my dealings and personal contacts with him, I believe that he is mentally competent to enter into this Settlement Agreement.

Dated: July ___, 2012

        /s/ John Balazs
        JOHN BALAZS

        Attorney for Defendant
        BRYAN JAMES EPIS

**ACCEPTANCE OF SETTLEMENT AGREEMENT AND WAIVER OF RIGHTS--
DEFENDANT BRYAN JAMES EPIS**

I, Bryan James Epis, am currently incarcerated at FCI Terminal Island, California.

I previously completed and successfully graduated in 1998 from the Doctor of Jurisprudence course of study at California Northern Law School located in Chico, California. As a result of my legal training, I know how to conduct legal research, review and understand legal statutes, cases, arguments, and briefs. As a matter of my personal choice, education, training, knowledge, skill, and ability, I have served as a de facto co-counsel for myself during the entire litigation of this case at all court levels.

I have received a copy of this Settlement Agreement And Order Re: 28 U.S.C. § 2255 Motion, and carefully reviewed the document with my attorney. I have fully consulted with my attorney to my satisfaction regarding the effect and ramifications of the Settlement Agreement And Order Re: 28 U.S.C. § 2255 Motion. I understand the benefits that I am receiving, the rights that I am surrendering and/or waiving, and the obligations that I am incurring under this Settlement Agreement. I understand the Settlement Agreement, and I voluntarily agree to all of it. No other promises or inducements have been made to me, other than those contained in this Settlement Agreement. In addition, no one has threatened or forced me in any way to enter into this Settlement Agreement. I am satisfied with the representation and effectiveness of my attorney in this case. I do not need or desire any additional time to review this Settlement Agreement or to discuss it with my attorney.

I agree to all of the terms and conditions of this Settlement Agreement as full settlement of all of my legal claims, known and unknown, including, without limitation, the claims in my § 2255 motion. I specifically agree that there was no misconduct or wrongdoing by the United States, its attorneys, its agents, or anyone acting on its behalf. I agree to waive any rights I may have to further appeal or collaterally attack of my conviction and sentence in this case, pursuant to 28 U.S.C. § 2255, 28 U.S.C. § 2241, or otherwise.
///
///

I have also been advised of my rights to be present for re-sentencing and allocution. After fully consulting with my attorney, I knowingly and voluntarily waive my right to be present and my right to allocution at re-sentencing.

Dated: July ___, 2012

                                        BRYAN JAMES EPIS
                                        Defendant

**ATTORNEY FOR UNITED STATES**

I accept and agree to this Settlement Agreement on behalf of the United States.

                                        BENJAMIN B. WAGNER
                                        United States Attorney

Dated: July  17 , 2012              /s/ Samuel Wong

                        By: _____
                                  SAMUEL WONG
                                  Assistant United States Attorney

**ORDER**

The Court having received, read, and considered the parties' Settlement Agreement, and good cause appearing therefrom,

The Court accepts and adopts the parties' Settlement Agreement in its entirety.

Pursuant to the Court's authority under 28 U.S.C. § 2255, IT IS HEREBY ORDERED that, with respect to the Second Superseding Indictment, defendant Bryan James Epis' conviction on Count One is vacated and that he is re-sentenced on Count Three to 90 months imprisonment, a $15,000 fine, ten years supervised release, and a $100 special assessment. All other aspects of the sentence on Count Three shall remain the same. The Clerk is directed to file an amended judgment with this sentence and send a certified copy of the amended judgment to the United States Bureau of Prisons.

Dated:   July 23, 2012

                                        _____
                                        GARLAND E. BURRELL, JR.
                                        Senior United States District Judge